IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH ARMSTRONG,

                Plaintiff,                OPINION AND ORDER

    v.                                      09-cv-0483-bbc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                Defendant.

---

      Ralph Armstrong, currently in custody at the Columbia Correctional Institution, has filed a petition for a writ of habeas corpus, challenging the validity of a parole violator detainer filed against him by the State of New Mexico.  He asks this court to prohibit Wisconsin from transferring his custody to New Mexico correctional officials and ultimately, to quash the New Mexico detainer.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  On the basis of the assertions made in petitioner's letter accompanying the petition, I will allow him to proceed without paying the $5 filing fee.  Because petitioner has not shown that either Wisconsin or New Mexico parole officials have violated his rights under the laws or Constitution of the United States and has not exhausted his state court remedies, the petition will be dismissed.

1

From the petition and state court records available electronically, I find the following facts.

FACTS

In mid-1979, after having served time in a New Mexico prison, petitioner Ralph Armstrong was released on parole. Pursuant to an interstate compact, petitioner's supervision was transferred from New Mexico to Wisconsin. In 1980, petitioner was charged in the Circuit Court for Dane County, Wisconsin for first degree murder and first degree sexual assault. He was convicted of both charges on March 24, 1981, and sentenced to life.

On the basis of his Wisconsin convictions, the state of New Mexico determined that "reasonable cause" existed to find that petitioner had violated the conditions of his New Mexico parole. However, New Mexico did not revoke petitioner's parole at that time. Instead, it filed a parole revocation warrant as a detainer, with the proviso that a revocation hearing would take place upon petitioner's return to New Mexico. (In addition to the rules violations based on petitioner's convictions, the detainer also stated that petitioner had violated his rules by admitting to the use of cocaine and consuming alcohol.) The detainer authorized Wisconsin to hold petitioner in custody and deliver or yield him to New Mexico correctional officials after his charges were "fully adjudicated."

2

On July 12, 2005, the Wisconsin Supreme Court reversed and vacated petitioner's convictions and ordered the state to provide petitioner a new trial.  On July 31, 2009, the circuit court entered an order finding that the charges had to be dismissed because the prosecution had failed to disclose a possible confession and had violated a court order concerning DNA testing.  However, the court stayed its order for 20 days to give the state time to decide whether it wants to appeal the circuit court's ruling.

Petitioner has now filed a petition for a writ of habeas corpus challenging the parole violation detainer filed by New Mexico.  He seeks an order vacating the detainer on the ground that it rests on convictions that have now been overturned.  In addition, he asks this court to credit the time he has spent in prison in Wisconsin towards his New Mexico parole and order his unconditional and permanent release from any supervision.  Further, he asks for an order enjoining Wisconsin from transferring his custody to New Mexico until he has had an opportunity to fully brief his arguments before this court.  Finally, petitioner asserts that he is seeking a lawyer to file a memorandum in support of his petition, and he asks for 30 to 45 days in which to do so.

OPINION

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States.  28

U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

The petition fails to show that petitioner is in custody in violation of the laws or Constitution of the United States. Although petitioner asserts generally that New Mexico's detainer violates his right to "due process," he does not say why this is so. At the time New Mexico issued its detainer, petitioner had been convicted of first degree murder and sexual assault in Wisconsin, which obviously gave New Mexico parole authorities reasonable ground to believe that petitioner had committed acts that violated his parole conditions. Moody v. Daggett, 429 U.S. 78, 86 n.7 (1976). Although petitioner asserts that those alleged violations are "demonstrably false and inaccurate" in light of his now-vacated convictions, I do not understand him to be contending that, at the time it issued the detainer, New Mexico should have known that the convictions were invalid or that it should not have found from those convictions that probable cause existed to believe that petitioner had violated his rules of supervision. What petitioner is contending is that, although valid at the outset, the detainer is now defunct in light of the recent orders of the Wisconsin courts vacating the conviction and dismissing the charges.

Certainly, the recent dismissal of the charges against petitioner and the time that he has served in the interim calls into question whether New Mexico still has a legitimate basis

4

for seeking to revoke petitioner's parole. But that determination is for the responsible officials in New Mexico to make. Petitioner does not allege that he has asked New Mexico to quash the detainer or sought to invoke any process that may be due him under the Interstate Compact for Adult Offender Supervision, to which Wisconsin and New Mexico are parties. Wis. Stat. § 304.16; N.M.S. § 31-5-20. The compact provides a framework for the supervision of adult offenders who are authorized to travel across state lines, "in such a manner as to enable each compacting state to track the location of offenders, transfer supervision authority in an orderly and efficient manner, and, when necessary, return offenders to their original jurisdictions." Wis. Stat. § 304.16(1)(a); N.M.S. § 31-5-20, Art. I A. Under rules promulgated by the Interstate Commission for Supervision of Adult Offenders (ICAOS) that are binding on the party states, an offender may be entitled to a probable cause hearing before he is subject to retaking by the sending state for violating his conditions of supervision. Interstate Commission for Adult Offender Supervision Rules (Commission Rules), effective January 1, 2008, available at http:// www. interstate compact. org/ Portals/ 0/ library/ legal/ ICAOS_ Rules.pdf, Rule 5.108. It is unclear whether petitioner would be entitled to a hearing under this rule insofar as probable cause was already found when New Mexico issued the detainer in 1982. Nonetheless, petitioner makes no allegation that he has requested a hearing or that he is entitled to one, making his claim that he was denied "due process" a hollow one. Similarly, insofar as petitioner appears to be asking for

5

an order directing Wisconsin not to honor New Mexico's detainer, he has not alleged that he has presented this request to the Wisconsin state courts before filing this petition.

It is well settled that a state prisoner may not seek federal habeas relief until he has exhausted the state court remedies that are available to him. <u>Moleterno v. Nelson</u>, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases); 28 U.S.C. § 2254(b). Petitioner may have rights under the interstate commission rules that have not yet vested. Further, he has not attempted to seek habeas corpus relief from either of the state courts that have an interest in this case. As a result, his petition not only fails to state a claim, but is premature.

For the sake of completeness, I note that whether Wisconsin is the proper forum in which to challenge New Mexico's detainer is a matter in serious doubt. As the court explained in <u>State ex rel. Reddin v. Meekma</u>, 102 Wis. 2d 358, 364, 306 N.W. 2d 664, 667 (1981):

> Parole and probation are essentially matters of grace, which are permitted by the sanction-imposing state, and the conditions under which these grace periods of parole and probation continue to run in satisfaction of criminal penalties are dependent upon the state which imposes them. This is clearly a matter of the state law of the requisitioning jurisdiction.

<u>See</u> <u>also</u> 2008 ICAOS Rule 5.107 (authorizing officers of sending state to enter state where offender is found and apprehend and retake offender subject to compact's rules and due process requirements) and 5.109 (requiring authorities in receiving state to allow sending state's officers to transport offender back to sending state without interference). Nothing

6

in the ICAOS or the Constitution permits a receiving state, in this case, Wisconsin, to review the propriety of the decision by a sending state to retake a person on parole. Accord New Mexico ex rel. Ortiz v. Reed, 524 U.S. 151, 153 (1998) ("In case after case we have held that claims relating to what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the demanding State when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State.") (addressing challenge to extradition). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973) (under traditional venue considerations, court located in district that issued detainer "is almost surely the most desirable forum for the adjudication of the claim"). In other words, petitioner's best chance for relief lies in the courts of New Mexico.

Because I have found that the petition fails to allege facts sufficient to show that petitioner is in custody in violation of the laws or Constitution of the United States or that he lacks adequate state law remedies, I have no basis for granting his request for an injunction prohibiting the Wisconsin Department of Corrections from transferring his custody to New Mexico parole authorities. Further, because it is plain that whatever federal claims he may have are not yet exhausted, additional briefing by a lawyer would not be helpful.

7

ORDER

IT IS ORDERED that the petition of Ralph Armstrong for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 10th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge